UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,                    Criminal Action No. 3:18-CR-124 (TJM)

v.

KAREEM YOUNG,

        Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO QUASH SUBPOENA FOR TRIAL TESTIMONY OF REPRESENTATIVE RICHARD HANNA

The United States of America, United States Attorney for the Northern District of New York Grant C. Jaquith, by Assistant United States Attorney Tamara B. Thomson, hereby moves this Honorable Court to quash the subpoena for the testimony of the Honorable Richard Hanna, former United States Congressman (hereinafter "Rep. Hanna" or "Representative Hanna") at the trial on April 30, 2019.

    **I.**    **FACTUAL BACKGROUND**

On or about August 5, 2014, the defendant went to the office of Representative Richard Hanna and completed a constituent casework form seeking assistance with obtaining his 2013 tax refund. The defendant provided Representative Hanna's office with a copy of IRS tax notice CP 12R, dated May 26, 2014, sent to the defendant, noting an adjustment to the defendant's return, and stating a refund was due to the defendant of $3,742,132.25[1]. *See* attached constituent casework form, **Government Exhibit A**. The defendant noted in the constituent casework form that he received the adjusted refund notification (CP 12R) at the end of May and still had not received his

---

[1] The defendant also received IRS tax notice CP 72, stating that he had taken a frivolous tax position and was required to submit an amended return. The defendant did not provide Rep. Hanna's office with a copy of notice CP 72.

refund. *Id.* In the constituent casework form, the defendant asked Rep. Hanna's Office to look into it on his behalf. *Id.*

On August 7, 2014, Garth Curtis, a member of Representative Hanna's office, sent correspondence to Mr. William J. Wirth, Problem Resolution Officer of the Internal Revenue Service ("IRS") inquiring about constituent Kareem Young's tax refund[2]. *See* attached letter to William J. Wirth, **Government Exhibit B**. Garth Curtis prepared the August 7, 2014 letter and signed the letter on behalf of Representative Hanna.[3] On August 20, 2014, the Taxpayer Advocate's Office, in a letter signed by William J. Wirth,[4] sent a reply letter to Representative Hanna's office explaining that the defendant's tax return was under review and that if the defendant believed his 2013 return was correct, that he needed to provide a copy of the Form 1099-OID that confirmed the interest income and withholdings reported. *See* attached letter to Rep. Hanna, **Government Exhibit C**.

On February 11, 2019, while represented by Assistant Federal Public Defender Martin Wolfson, the defendant filed a *pro se* affidavit in support of his request for witness Mr. Richard Hanna, former Congressman of the United States House of Representatives to be present at defendant's trial. (Dkt. 28-1). In his motion, the defendant states that Congressman Richard Hanna's presence is necessary "as a witness to speak on behalf of the May 26, 2014 1040 tax notice that was represented by Mr. Hanna before the IRS August 7, 2017." (Dkt. 28-1, p. 1).

---

[2] As noted in the letter, Rep. Hanna's office requested that the IRS direct a reply to their inquiry to Garth Curtis.

[3] Rep. Hanna delegated authority to his staff to sign letters on his behalf. As Representative Hanna noted, his signature on a letter does not mean that he was personally familiar with all the details in the letter. *See* Ex. E, ¶8.

[4] William Wirth's signature appears on the August 20, 2014 correspondence; however, Mrs. Andrea Reed prepared the letter and signed the letter on behalf of William Wirth. The August 20, 2014 correspondence notes that any further inquiry should be directed to Mrs. Andrea Reed.

On February 28, 2019, this Honorable Court held a hearing to address, *inter alia*, the defendant's representation. At the hearing, the defendant stated that Rep. Hanna "represented him" and "had a full understanding of my tax filings, transcripts, et cetera, et cetera…" *See* attached transcript of February 28, 2019 hearing, **Government Exhibit D**, at 11:15-23. The Court told Mr. Young that if the Congressman had that kind of knowledge, and that the Court believed his testimony would be relevant, the Court would subpoena Rep. Hanna to come in and testify. *Id.* at 11:24-12:3. On April 9, 2019, the defendant, through assigned counsel John Perticone, applied to the court for the issuance of trial subpoenas pursuant to Federal Rule of Criminal Procedure 17(b) for the following witnesses: Richard Hanna, Jeremy Sedelmeyer, and Professor Linda Galler[5]. (Dkt. 41-1)[6]. On April 11, 2019, the Court granted the application for the issuance of subpoenas to each of the parties identified.[7] (Dkt. 42).

On April 22, 2019, the government received a declaration, made under penalty of perjury, from Rep. Hanna, attached hereto as **Government Exhibit E**. As noted in the declaration,

---

[5] The government may object to the trial testimony of Professor Linda Galler as irrelevant, however, the government has insufficient information regarding the relevance of this witness at this time.

[6] In support of the subpoena, the defendant did not state what testimony would be elicited from Rep. Hanna; Rep. Hanna's basis of knowledge of the defendant's tax filings; that the defendant ever met or spoke with Rep. Hanna; or why Rep. Hanna's testimony cannot be duplicated by other witnesses. In short, the defendant made a cursory statement about the testimony of Rep. Hanna at the February 28, 2019 hearing that is now refuted. Further, the *Touhy* regulations require that "if oral testimony is sought by demand in a case or matter in which the United States is a party, an affidavit, or if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter." 28 U.S.C. §16.23 (c). The defendant has not provided an affidavit or any reason why an affidavit is not feasible, and technically has not complied with this rule; but the larger problem, is that the witness has no relevant testimony to offer.

[7] On April 11, 2019, the government advised Mr. Perticone that, on information and belief, Rep. Hanna was not a witness with first-hand knowledge regarding the defendant's tax filing. The government discussed with Mr. Perticone the names of Representative Hanna's staff who might have first-hand knowledge of the defendant, and Mr. Perticone was provided with their names and the name of the Assistant General Counsel, from the Office of General Counsel, House of Representatives, who agreed to accept service of the subpoenas on behalf of Rep. Hanna's staff. To

Representative Hanna states that he has "no unique or first-hand knowledge about the subject matter of this litigation, including the Defendant's tax filings, or other tax-related documents or his interactions with the Internal Revenue Service." *See* Ex. E, ¶11. Further, Representative Hanna states, under penalty of perjury, that he did not ever represent the defendant in any capacity whatsoever. *Id.* at ¶12. Finally, Representative Hanna states that he has no first-hand knowledge of the defendant's interactions with his staff, nor does he have any knowledge about the substance of defendant's tax filings, transcripts or other tax-related documents and that he has no documents relative to the defendant. *Id.* at ¶15, 16, and 18.

## II.   ARGUMENT

The government respectfully submits this motion to quash the subpoena directing the appearance of Rep. Hanna on April 30, 2019, in the trial of *United States of America v. Kareem Young*, pursuant to Rule 17 of the Federal Rules of Criminal Procedure, as the witness is not necessary for an adequate defense as required by Federal Rule of Criminal Procedure 17(b). F.R.Crim. P. 17(b). Further compliance with the subpoena would be unreasonable and the defendant has failed to establish exceptional circumstances justifying the subpoena.

Federal Rule of Criminal Procedure 17(b) provides that the Court may order a subpoena issued upon a satisfactory showing that the presence of the witness is necessary to an adequate defense. F.R.Crim.P. 17(b). The Court may quash a subpoena or modify a subpoena if compliance would be unreasonable or oppressive. F.R.Crim. P. 17(c).

As noted, on February 28, 2019, the Court told Mr. Young that if Rep. Hanna represented the defendant and had the understanding of the defendant's tax filings that the defendant claimed, the Court would subpoena Rep. Hanna to come in and testify. Rep. Hanna's declaration directly

---

date, the defendant has not requested subpoenas for any of Rep. Hanna's staff.

refutes the defendant's assertions that Rep. Hanna represented him, and that Rep. Hanna had an understanding of the defendant's tax filings. In light of Rep. Hanna's declaration, it is clear that the testimony of Rep. Hanna is not relevant, nor would the testimony of Rep. Hanna be necessary for an adequate defense. Further, it would unreasonable to require Rep. Hanna to appear to testify in a matter where he has no first-hand knowledge of the subject of the litigation.

Additionally, where a subpoena seeks testimony from "a high-ranking government official, a party must demonstrate *exceptional circumstances* justifying the deposition – for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman v. N.Y.C. Dep't of Parks and Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (denying a request to depose Mayor Bloomberg and former Deputy Mayor Skyler) (emphasis added); *see also Todd v. Hatin,* 2014 WL 5421232 at *1 (D.Vt. Oct. 24, 2014) (describing this as a "general rule of protection," and denying a request to depose the Commissioner of the Vermont Department of Corrections); *see also Bogart v. City of New York*, No. 13 Civ. 1017 (NRB); 2015 WL 5036963, *9 n.12 (S.D.N.Y. Aug. 16, 2015)(warning that "the Court is strongly disinclined" to permit a contemplated request for testimony from former New York City officials "because the City Officials would appear to have no unique personal knowledge relevant to the remaining issues in the case").

The Second Circuit discussed the origin of this protection in *Lederman*: in 1941, the Supreme Court expressed concern that a district court had required the Secretary of Agriculture to submit to a deposition[8], and "[s]ince then, courts have relied on *Morgan* to hold that a high-ranking government official should not—absent exceptional circumstances—be deposed or called

---

[8] *United States v. Morgan*, 313 U.S. 409 (1941).

to testify regarding the reasons for taking official action…". 731 F.3d at 203. High-ranking officials are "generally shielded from depositions because they have 'greater duties and time constraints than other witnesses… [citation omitted]", and "[i]f courts did not limit these depositions, such officials would spend 'an inordinate amount of time tending to pending litigation." 731 F.3d at 203.

The requirement that a movant must show "exceptional circumstances" to compel testimony by a high-ranking official has been applied in various proceedings, including a death penalty hearing (*In re United States, Janet Reno, Eric Holder*, 197 F.3d 310 (8th Cir. 1999), rehearing *en banc* denied Jan. 19, 2000 (defendant failed to show exceptional circumstances why Attorney General Reno and Deputy Attorney General Holder should testify in death penalty hearing); a motion to dismiss an indictment (*In re United States*, 985 F.2d 510 (11th Cir. 1993) (Commissioner of the FDA did not have to testify regarding motion to dismiss indictment and alleged selective prosecution); and administrative proceedings (*Simplex Time Recorder Co. v. Secretary of Labor,* 766 F.2d 575 (D.C. Cir. 1985) (Solicitor of Labor, the Secretary of Labor's Chief of Staff, and the Administration's Area Director did not have to testify for a manufacturer charged with OSHA violations). Because "[h]igh ranking government officials have greater duties and time constraints than other witnesses ... [they] 'should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.' " *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir.1993) (per curiam) (*quoting Simplex Time Recorder Co. v.. Secretary of Labor*, 766 F.2d 575, 586 (D.C.Cir.1985)). If other persons can provide the information sought, discovery will not be permitted against such an official. *Id.* at 513; see also *In re FDIC*, 58 F.3d 1055, 1062 (5th Cir.1995) ("We think it will be the rarest of cases ... in which

exceptional circumstances can be shown where the testimony is available from an alternate witness.").

As noted, the defendant maintains that the testimony of Rep. Hanna is relevant to his defense because Rep. Hanna "represented me before I was arrested" and "had a full understanding of my tax filings, transcripts, et. cetera, et cetera, so this is why I subpoenad him."  Ex. D., Tr. 11:21-23.  The Court stated to the defendant that if Representative Hanna had that kind of knowledge, that Representative Hanna might be relevant to the defendant's defense.  *Id.* at 11:24-12:3.  The declaration of Rep. Hanna establishes that Rep. Hanna did not represent the defendant and that Rep. Hanna does not have any understanding or familiarity with the defendant's tax filings.

Consequently, the defendant has failed to establish that Rep. Hanna's testimony is relevant or necessary to an adequate defense.  Further, the defendant has failed establish exceptional circumstances, which would justify compelling Representative Hanna to testify.  *See Lederman*, 731 F.3d at 203 (assembling authority rejecting requests to compel testimony by high-ranking officials).  The subpoena for Rep. Hanna has no apparent or likely relevance to the subject matter and the information requested by the defendant can otherwise be obtained from Rep. Hanna's staff, including Garth Curtis[9].

For the foregoing reasons, the United States respectfully moves this Honorable Court to quash the subpoena for the testimony of Representative Richard Hanna.

Dated:  April 23, 2019                                                                         Respectfully submitted,

---

[9] As noted in Rep. Hanna's declaration, the District Office Staff worked under the general direction of Rep. Hanna's District Director, and constituent casework was performed under the general direction of the District Director. Ex. E, ¶¶3, 6. The government provided the name of the District Director to the defendant, along with the name of the Regional Director.

7

        Grant C. Jaquith
        United States Attorney


        */s/ Tamara B. Thomson*
By: Tamara B. Thomson
        Assistant U.S. Attorney
        Bar Roll No. 515310