**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

      **V.**

                                                                           **3:18-CR-124**

**KAREEM YOUNG,**

              **DEFENDANT.**

---

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

The government moves to quash a subpoena issued to former United States Congressman Richard Hanna in this case involving allegations that Defendant knowingly filed a false, fictitious, and fraudulent claim seeking a refund from the Internal Revenue Service ("IRS") in violation of 18 U.S.C. § 287. See dkt. # 56.

On February 28, 2019, this Court conducted a pre-trial hearing in this case at which the Defendant was present. See Transcript of Proceeding ("T."), dkt. # 40. The hearing concerned, in part, whether Defendant sought to represent himself during the trial of this matter. Id. at 4. At the time, the Office of the Federal Public Defender represented the Defendant. After some discussion, the Court agreed to appoint a different attorney to represent the Defendant, and Defendant agreed to accept that representation. Id. at 12-13.

One of the issues that Defendant had with his original attorneys was that he sought to subpoena certain witnesses, and counsel disagreed with that effort. Defendant

1

claimed that his attorney told him "if I want answers to the affidavits or the motions that" he had filed "or to subpoena somebody, that I will have to represent myself." Id. at 10. The Court pointed out that "I don't think that's quite accurate. If you have a lawyer and you say to the lawyer I want to subpoena Mr. Hanna to testify on my behalf, the lawyer's going to say to you, what is he going to say that's going to help you." Id. Further, the Court noted, such testimony would need to be "relevant" or the Court would decline to issue a subpoena: "I have to be convinced there's a reason to issue a subpoena to make somebody appear in this Court[.]" Id. If the testimony was "something that will help you, then the Court will issue a subpoena," the Court explained. Id. at 11. Defendant represented that he desired to call Congressman Hanna because he served as Defendant's representative at the relevant time. Id. Hanna, Defendant claimed, "had a full understanding of my tax filings, transcripts, et cetera, et cetera, so this is why I subpoenaed him." Id.

On April 9, 2019, Defendant's new counsel requested that the Court issue subpoenas for the testimony of three witnesses pursuant to Federal Rule of Criminal Procedure 17(b). See dkt. # 41. One of those three witnesses was former United States Congressman Richard Hanna, who had represented the district in which Defendant resides. The Court entered an order granting the request to issue subpoenas and directing payments of witness fees on April 11, 2019. See dkt. # 42. The Government seeks to quash the subpoena issued to Richard Hanna.

The Government provides the Court with documents created in Congressman Hanna's office, as well as an affidavit from the former Congressman. The government provides a "Constituent Casework Form" dated August 5, 2014 from Congressman

2

Hanna's office in Utica, New York. See Exh. A. to Government's Motion to Quash, dkt. # 56-1. The form indicates that Defendant had visited the Congressman's Utica Office to seek help in obtaining a tax refund he claimed he was owed. Id. That refund claim is the basis for the instant action. On August 7, 2014, Hanna wrote to the Problem Resolution Officer at the IRS, asking that the Officer "review" Defendant's correspondence and "provide . . . any appropriate information that might be helpful to my constituent in this matter." See Exh. B to Government's Motion, dkt. # 56-2. Hanna requested that "any information regarding this inquiry" be directed to Garth Curtis in the Utica office. Id. William Wirth, an IRS taxpayer advocate in Buffalo, replied to this correspondence on August 20, 2014. See Exh. C to Government's Motion, dkt. # 56-3. Wirth reported that the IRS had decided to review "the income and federal income tax withholding that was reported on the 2013 income tax return." Id. Wirth suggested that Defendant needed to either file proof that his return was correct or provide an amended return, as well as an explanation for why he filed the first return. Id.

Former Congressman Hanna, who left office in January, 2017, provided an affidavit in support of the motion to quash. See Exh. E. to Government's motion, dkt. # 56-5. Congressman Hanna represents that the Utica Office was one of two local offices he maintained while in Congress. Id. at ¶ 3. In such offices, Hanna represents, "staffers" provide assistance to constituents as one of their main duties. Id. at ¶ 4. Staff members were "charged with interacting with constituents . . . ; responding to . . . inquiries from constituents; acting as a liaison with federal, state, and/or local agencies on behalf of constituents; and updating" Hanna's "District Director and/or me as appropriate." Id. Hanna further avers that he "often delegated authority to [his] staff to sign [his] name to

3

letters sent from [his] office to a constituent." Id. at ¶ 8. The fact that Hanna signed a letter "does not mean that [he] was personally familiar with all of the details underlying the letter." Id. Hanna disputes that he is a necessary witness in this proceeding. Id. at ¶ 11. He lacks, he claims "unique or first-hand knowledge about the subject matter of this litigation, including the Defendant's tax filings or other tax-related documents or his interactions with the Internal Revenue Service." Id. Hanna has no memory of speaking with the Defendant on the phone or in person, and does not remember ever meeting him. Id. at ¶ 13. He knows nothing about Defendant's interactions with his office staff. Id. at ¶¶ 14-15. He has no knowledge of Defendant's tax filings or other documents. Id. at ¶ 16.

In response to the government's motion, Defense counsel replies that the government has provided the Defendant with the names of Congressman Hanna's former staff members. See dkt. # 57 at ¶ 3. An agent for the government interviewed two such staff members in 2014. Id. One of the staff members recalled handling Defendant's case. Id. Defense counsel spoke and e-mailed with counsel for the United States House of Representatives regarding these staffers. Id. The House of Representatives counsel informed defense counsel that "neither [staffer] had any recollection of contacts with defendant nor did they have any records pertaining to defendant's contact with Mr. Hanna's congressional office." Id. The Defendant also represents that potential testimony from Congressman Hanna is material to his defense, and offers to provide the Court with information about the intended scope of the testimony *in camera*. The Court received this information.

In seeking to quash the subpoena, the government argues that Congressman Hanna could not provide any relevant testimony, since he knows nothing about the events

4

in question. In addition, the government contends that, as a "high-ranking government official," Congressman Hanna is entitled to heightened consideration when resisting a subpoena.

The government cites to Lederman v. N.Y.C. Dep't of Parks and Recreation, 731 F.3d 199 (2d Cir. 2013). In that case, the plaintiffs in a civil action challenged the right of New York City to regulate the sale of visual art in public spaces on First Amendment grounds. Id. at 201. Plaintiffs sought to depose the mayor and deputy mayor; the trial court issued a protective order that barred the depositions. Id. The Court of Appeals upheld the protective order on appeal. The court noted that, following Supreme Court precedent, courts have found "that a high-ranking government official should not–absent exceptional circumstances–be deposed or called to testify regarding the reasons for taking official action, 'including the manner and extent of his study of the record and his consultation with subordinates.'" Id. at 203 (quoting United States v. Morgan, 313 U.S. 409, 422 (1941)). Thus, the court found, "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition–for example, that the official has unique first-hand knowledge related to the litigated claims or that necessary information cannot be obtained through other, less burdensome or intrusive means." Id.

The Court is not convinced that the rule from Lederman applies in this case. This is a criminal matter, and Defendant's right to call witnesses in his defense has constitutional implications more substantial than a party who brings a civil case. Moreover, Defendant does not seek Hanna's testimony as part of an inquiry into his reasons for taking official action. Instead, Defendant represents that he seeks to call Congressman Hanna to testify

5

on the facts relevant to and specific to the instant criminal case.  Moreover, in articulating the rule, the Lederman court explained that "[h]igh-ranking government officials are generally shielded from depositions because they have 'greater duties and time constraints than other witnesses'" and without limitations on testimony "such officials would spend 'an inordinate amount of time tending to pending litigation.'"  Id. (quoting Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007)).  Congressman Hanna's affidavit in support of quashing the subpoena does not explain how testifying in this matter would cause him burdens which would interfere with his official duties.  As he is not longer a member of Congress, he likely could not do so.  The Court is therefore unpersuaded that the mere fact of Congressman Hanna's (former) office justifies quashing the subpoena for his testimony.

The Court could quash the subpoena, however, if the Court found that the subpoena would not lead to testimony necessary for an adequate defense in this matter.  Federal Rule of Criminal Procedure 17(b) permits a defendant who cannot pay witness's fees to request that the court issue a subpoena for a witness.  FED. R. CRIM. P. 17(b).  "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."  Id.  Courts have declined requests under Rule 17(b) if the testimony sought is irrelevant.  See, e.g., United States v. Becker, 444 F.2d 510, 511 (4th Cir. 1971) (no abuse of discretion in refusing to permit subpoenas when "the district judge concluded that their evidence would be irrelevant."); United States v. Romano, 482 F.2d 1183, 1195 (5th Cir. 1973) (no abuse of discretion to deny a subpoena because "there was no need to call the witness whose testimony would

not be relevant, since irrelevant testimony is *per se* 'not necessary to an adequate defense,' a prerequisite showing under Rule 17(b) F.R. Crim. P."); United States v. Sellers, 520 F.2d 1281, 1286 (4th Cir. 1975) (defendant failed to meet his burden of showing need of witnesses for an adequate defense because "'none of the things you say they would testify to would have been relevant or competent or admissible in evidence.'").

The Court will deny the government's motion to quash. Having heard from defense counsel as to the testimony counsel intends to present through Congressman Hanna, the Court finds that Defendant has sufficiently demonstrated that such testimony is necessary to an adequate defense and relevant to the matters at issue in this case. Nothing in this decision, of course, would prevent the government from raising any appropriate objection to Congressman Hanna's testimony at trial.

Accordingly,

The government's motion to quash the subpoena for the testimony of Congressman Richard Hanna, dkt # 56, is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 26, 2019

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge